## WM. E. SINGLETON *v.* WM. SINGLETON ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—420.]

**Estoppel.**

> Where one fails to have his deed recorded within the proper time, but in a proceeding in the county court thereafter for partition the land described is allotted to him by reason of said conveyance, and his grantors in said deed are parties to such partition and the court had jurisdiction therein, such grantors are estopped from asserting any claim as against said grantee or his vendees.

APPEAL FROM WOODFORD CIRCUIT COURT.

November 8, 1883.

OPINION BY JUDGE PRYOR:

The failure of Reardon, the vendee of Connell and wife, to have the deed recorded within the proper time may have affected his title, but for the proceeding in the county court for a partition of the land, and its allotment to Reardon by reason of the conveyance previously made. Connell and wife were parties to that petition, and the court in which the relief was sought had the jurisdiction to make the partition as requested by the parties seeking the relief or asking the allotment. A partition was had, and Reardon allotted the land and the report was confirmed.

This, it seems to us, concludes Connel and wife and those claim-

ing under them.   There was a sale and conveyance, previous to the division.   No fraud is alleged nor shown, and the parties, instead of taking advantage of the failure to record in time, asked the county court to ratify their act and make the allotment.   This estops the parties from asserting any claim as against Reardon or his vendees.

Judgment *affirmed.*

*D. L. Thornton, for appellant.*